# **EXHIBIT B**

CAUSE NO. _____

| | | |
|---|---|---|
| **COURTNEY CASEY,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff** | § | |
| | § | |
| VS. | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **WAL-MART STORES TEXAS, LLC,** | § | |
| | § | |
| **Defendant** | § | _____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Courtney Casey complains of Defendant Wal-Mart Stores Texas, LLC and would respectfully show that:

### I.

### Discovery Control Plan

1. Discovery in this matter may be conducted under Level 3 of the Texas Rules of Civil Procedure.

### II.

### Jurisdiction and Venue

2. The claims asserted in this case arise under the common law of Texas. This Court has jurisdiction and venue is proper because all or a substantial part of the events giving rise to the claims occurred in Harris County, Texas.

### III.

### Statement Regarding Monetary Relief Sought

3. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief greater than $100,000. Discovery in this matter has just commenced and, therefore, Plaintiff

cannot reliably state a maximum amount of damages she is seeking at this time and reserves her right to supplement in accordance with the Texas Rules of Civil Procedure.

## IV.

### Parties

4. Plaintiff Courtney Casey is an individual and a resident of Harris County, Texas.

5. Defendant Wal-Mart Stores Texas, LLC is a limited liability company, formed in the State of Arkansas, and authorized to do business in the State of Texas. Said Defendant may be served by and through its registered agent, CT Corporation, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## V.

### Facts

6. This lawsuit is necessary as a result of personal injuries that Plaintiff sustained on or about September 12, 2019. At that time, Plaintiff was injured while she was an invitee at the Wal-Mart Supercenter #915, located at 11210 West Airport Boulevard in Stafford, Texas. As the premises owner, Defendant had the duty and responsibility to eliminate and/or warn business invitees of unreasonably dangerous conditions on the premises.

7. Plaintiff sustained serious bodily injuries when she slipped and fell on a wet floor in the meat area. Plaintiff's injuries and damages are a direct result of an unreasonably dangerous condition on Defendant's premises that Defendant and/or its agents, servants, and/or employees knew, or in the exercise of ordinary care should have known existed. Notably, although there employees standing nearby offering samples to customers passing by, but they failed to warn Plaintiff about the unreasonably dangerous condition, and there were no warning signs nearby to alert Plaintiff about the dangerous condition.

VI.

## Causes of Action

*Negligence*

8. Plaintiff sustained injuries because of Defendant's negligence when Defendant:

- Failed to properly maintain the premises, suitable for the ordinary use of invitees such as Plaintiff;
- Failed to exercise reasonable care to reduce or eliminate the dangerous condition on the premises;
- Failed to exercise reasonable care to avoid a foreseeable risk of injury;
- Failed to properly train and supervise their employees;
- Failed to provide a reasonably safe environment for invitees;
- Failed to give adequate warning to invitees;
- Failed to inspect the premises for hazardous conditions that may cause injury; and
- Other acts so deemed negligent.

9. As a result of Defendant's negligence, Plaintiff suffered severe physical injuries, for which she is entitled to recover monetary damages.

*Premises Liability*

10. Defendant owned, occupied and/or controlled the area where Plaintiff was injured. The condition of the area where Plaintiff was injured posed an unreasonable risk of harm, and Defendant had actual knowledge or reasonably should have known of the unreasonably dangerous condition. Moreover, Plaintiff did not have actual knowledge of the unreasonably dangerous condition.

11. Plaintiff was an invitee who entered Defendant's premises with Defendant's knowledge and for Defendant's benefit. Defendant had a duty to either warn Plaintiff of the unreasonably dangerous condition or make the unreasonably dangerous condition reasonably

safe. Defendant breached its duty by failing to warn Plaintiff of the unreasonably dangerous condition and/or by failing to make the unreasonably dangerous condition reasonably safe.

12. Defendant's breach of its duties proximately caused Plaintiff's injuries and damages.

## VII.

## Damages

13. As a direct and proximate result of Defendant's negligence, Plaintiff sustained injuries. Plaintiff will show that she has sustained physical pain and suffering, physical impairment, mental anguish, disfigurement, lost wages, and loss of earning capacity, in the past, and in all probability will continue to sustain such damages into the foreseeable future. Plaintiff has also incurred medical and pharmaceutical expenses in the past, and an all probability will continue to incur such out of pocket expenses into the foreseeable future.

## VIII.

## Rule 193.7 Notice

14. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice to Defendant that any and all documents produced may be used against the Defendant in any pretrial proceeding and/or at the time of trial of this matter, without the necessity of authenticating the documents.

## IX.

## Jury Demand

15. Plaintiff hereby demands a trial by jury in this case and tenders the required jury fee.

## XI.

### Designated Service E-mail Address

16. The following is the undersigned attorney's designated e-service e-mail address for all e-served documents and notices, filed and unfiled, pursuant to Texas Rules of Civil Procedure 21(f)(2) and 21a: service@brueralaw.com. This is the undersigned's *only* e-service e-mail address, and service through any other e-mail address will be considered invalid.

## XII.

### Prayer

17. For the reasons elaborated above, Plaintiff prays that this Court cite Defendant to appear and answer herein and that upon trial of this case that Plaintiff have judgment against Defendant and recover all damages allowed by law, prejudgment and post-judgment interest, costs of court, and such other and further relief that she may show herself to be justly entitled.

Respectfully submitted,

BRUERA LAW FIRM, PLLC

*/s/ Sofia E. Bruera*
SOFIA E. BRUERA
State Bar No. 24062189
3100 Timmons Lane, Suite 310
Houston, Texas 77027
Telephone: (832) 430-4000
Facsimile: (832) 558-3523
Email: sofia@brueralaw.com
Service email*: service@brueralaw.com
**E-service is only accepted at the above-designated e-service e-mail address.*

**ATTORNEYS FOR PLAINTIFF**

5

Case 4:21-cv-02735   Document 1-2   Filed on 08/20/21 in TXSD   Page 7 of 9

8/13/2021 2:12 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 56296567
By: Ozuqui Quintanilla
Filed: 8/13/2021 2:12 PM

CAUSE NO. 2021-42176

| | | |
|---|---|---|
| COURTNEY CASEY | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | HARRIS COUNTY, TEXAS |
| WAL-MART STORES TEXAS. LLC | § | |
| Defendant. | § | |
| | § | |
| | § | 190TH JUDICIAL DISTRICT COURT |
| | § | |

**DEFENDANT'S ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant WALMART STORES TEXAS LLC files this Original Answer to Plaintiff's Original Petition, and in support thereof, would respectfully show the Court the following:

**I.   General Denial**

1.   Under Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation made against Defendant in Plaintiff's Original Petition.

**II.   Affirmative Defenses**

2.   Defendant asserts the affirmative defense of contributory negligence. The negligence of Plaintiff caused or contributed to Plaintiff's injures so that the claims are barred or, in the alternative, must be reduced in accordance with the relative degree of Plaintiff's own negligence. Defendant requests the trier of fact to determine Plaintiff's liability and percentage of responsibility pursuant to Texas Civil Practice & Remedies Code section 33.003.

3.   Defendant is entitled to all caps and limitations on damages pursuant to the Texas Civil Practice & Remedies Code.

4.   Defendant alleges that Plaintiff's injuries and/or damages were caused by an intervening event for which Defendant has no liability.

5. Defendant affirmatively pleads that Plaintiff's injuries were caused by the actions or inactions of parties not under Defendant's control.

6. Defendant affirmatively pleads the defense set forth in Texas Civil Practice and Remedies Code Section 18.091, requiring Plaintiff to prove Plaintiff's loss of earning, loss of contributions of a pecuniary value, and/or loss of earning capacity in the form of a net loss after reduction for income tax payments or unpaid tax liability on said loss or earning claim pursuant to any federal income tax law.

7. To the extent that Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Defendant asserts the statutory defense set forth in Section 41.0105 of the Texas Civil Practice and Remedies Code. Thus, recovery of Plaintiff's medical or health care expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

8. Plaintiff's claims for pre-judgment interest are limited by the dates and amounts set forth in Section 304.104 of the Texas Finance Code and Section 41.007 of the Texas Civil Practice & Remedies Code.

### III.  Jury Demand

9. Defendant hereby exercises its rights to demand a trial by jury under Rule 216 of the Texas Rules of Civil Procedure on all issues triable by a jury.

### IV.  Prayer

FOR THESE REASONS, Defendant WALMART STORES TEXAS LLC respectfully prays that the Court enter a judgment that:

1. Dismisses all claims against Defendant WALMART STORES TEXAS LLC, and orders that Plaintiff take nothing by reason of Plaintiff's allegations.

2. Orders that Defendant recover all costs incurred in defense of Plaintiff's claims, and that Defendant's judgment against Plaintiff include the following:

   a. Costs of suit; and

   b. Such other and further relief, general and special, at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,
MEHAFFYWEBER, P.C.

By:<u>/s/Maryalyce W. Cox</u>
Maryalyce W. Cox
State Bar No. 24009203
One Allen Center
500 Dallas, Suite 2800
Houston, Texas  77002
Telephone  - (713) 655-1200
Telecopier  - (713) 655-0222
maryalycecox@mehaffyweber.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

This will certify that a copy of the foregoing document was furnished to counsel for Plaintiff on August 13, 2021, pursuant to the Texas Rules of Civil Procedure.

<i>Maryalyce W. Cox</i>
Maryalyce W. Cox